UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANNA MARIE HUGHES,

                Plaintiff,

v.                                            Case No. 17-cv-587-pp

TAYCHEEDAH CORRECTIONAL
INSTITUTION and
MRS. SHAEFER,

                Defendants.

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1)**

On April 25, 2017, the plaintiff filed a complaint under 42 U.S.C. §1983, alleging that the defendants had violated her constitutional rights. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. This decision resolves the plaintiff's motion and screens her complaint.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when she filed her complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with her lawsuit without prepaying the case filing fee, as long as she meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On May 4, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $7.84. Dkt. No. 5. The court received the initial partial filing fee on May 19, 2017. Accordingly, the court will grant the plaintiff's motion to proceed without prepayment of the filing fee and will require her to pay the remainder of the filing fee over time as explained at the end of this decision.

## II. Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see

also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A. The Plaintiff's Allegations

The plaintiff explains that, on January 24, 2017, she had a laparoscopic paraesophageal hernia repair with fundoplication. Dkt. No. 1 at 2. (A paraesophageal hernia occurs when the stomach pushes through the opening in the diaphragm usually reserved for the esophagus. https://www.floridahospital.com/paraesophageal-hernia, last visited August 4, 2017. Fundoplication describes the particular technique used to repair the hernia.).

On February 15, 2017, her doctor (who is not named as a defendant) prescribed a protein diet. Id. The plaintiff asserts that Nurse Tienor (who is not named as a defendant), Nurse Flegel (who is not named as a defendant) and defendant Nurse Shaefer refused to provide her with a protein diet, and that Shaefer put her "on regular trays." Id.

The plaintiff states that Nurse Shaefer indicated that she had never received an order for a special diet, nor had she spoken with the plaintiff's doctor or with nurse practitioner Monica Nauta (the plaintiff does not explain who this is, but the court assumes she works with the plaintiff's doctor). Id. at 3.

The plaintiff alleges that, as a result of not eating the prescribed protein diet, her "stomach and intestines are really in bad shape[;] [her] food will not digest [and she] will need a special diet." Id.

The plaintiff also alleges that she was prescribed Valium twice a day because her esophagus was spasming. Id. She asserts that Shafer lowered the prescribed amount to one dose per day. Id. The plaintiff states that she continued to take two doses per day, as prescribed by her doctor, but she ran out of medication after fifteen days. Id.

Finally, the plaintiff asserts that she was given a prescription for pain medication, but she never received the medication. Id. She indicates that she continually has intestinal, stomach, chest and back pain. Id. The plaintiff does not specify who refused to provide her with the prescribed medication.

B. The Court's Analysis

As a threshold matter, the court will dismiss Taycheedah Correctional Institution as a defendant. Section 1983 allows plaintiffs to sue any "person" who violates the plaintiff's constitutional rights while acting under color of state law. Taycheedah Correctional Institution is not a "person" within the meaning of that statute, and may not be sued under that statute. Maier v. Wood County Courthouse, Case No. 07-C-580, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) (other citations omitted)). "[P]risons . . . are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them." Id.

4

The court will allow the plaintiff to proceed on an Eighth Amendment deliberate indifference to serious medical need claim against defendant Shaefer. To state a deliberate indifference claim based on deficient medical care, a plaintiff must allege two elements: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011). The plaintiff alleges that, after she underwent surgery, Shaefer refused to provide her with a prescribed protein diet[1] and with prescribed medication to address spasms in her esophagus. These allegations are sufficient to allow the plaintiff to proceed on an Eighth Amendment claim against Shaefer.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** Taycheedah Correctional Institution as a defendant.

The court **ORDERS** that, under an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's

---

[1] The plaintiff asserts that Shaefer told her that she had not received a special diet order from the plaintiff's doctor, nor had she spoken to the plaintiff's doctor. Shaefer cannot be liable for refusing to provide a special diet to the plaintiff if she did not know that the plaintiff's doctor had ordered such a special diet. Because courts must construe a *pro se* plaintiff's allegations broadly, however, and because at this early stage the court considers only whether it appears that the plaintiff has stated a claim, the court will infer that the plaintiff is alleging that Shaeffer was not being honest in her representations to the plaintiff that she had not received a special diet order from the plaintiff's doctor.

complaint and this order are being electronically sent to the Wisconsin Department of Justice for service on defendant Shaefer.

The court further **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, defendant Shaefer shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court also **ORDERS** that the agency having custody of the prisoner shall collect from her institution trust account the $322.16 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**Please do not send documents to the judge's chambers**; that will only delay the case. The court advises the plaintiff that if she fails to timely file pleadings or other documents, it may result in the dismissal of this case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 7th day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**