UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANNA MARIE HUGHES,

                        Plaintiff,

v.                                                    Case No. 17-cv-587-pp

LACEY L. SCHAFER,

                        Defendant.

**DECISION AND ORDER GRANTING PLAITNIFF'S MOTION
TO DISMISS CASE WITHOUT PREJUDICE (DKT. NO. 21)**

On August 7, 2017, the court allowed the plaintiff to proceed on a deliberate indifference claim against the defendant. Dkt. No. 8. About a week after the defendant filed her answer, the court received from the plaintiff a motion, asking the court to recruit counsel to represent her on a volunteer basis. Dkt. No. 14. The court denied the motion, because the plaintiff had not demonstrated that she had attempted to find counsel on her own before she filed the motion. Dkt. No. 16. The court also found, based on the plaintiff's filings and the issues in the case, that the plaintiff was capable of representing herself through the briefing of summary judgment. Id. The court told the plaintiff that she could renew her request for appointment of counsel if things changed to such a degree that she did not think she could present her case on her own. Id.

On January 17, 2018, the defendant filed a motion for summary judgment, based on ther assertion that the plaintiff had failed to exhaust her

1

administrative remedies before filing a federal lawsuit. Dkt. No. 17. About a week later, the court received another motion from the plaintiff, this one asking the court to dismiss the case without prejudice. Dkt. No. 21. The plaintiff stated that, because the court had declined to recruit counsel to represent her, the court was "denying the plaintiff of a fundamentally fair litigation . . . ." Id. The plaintiff asked the court to either dismiss the case without prejudice or "provide a continuance until counsel is appointed." Id. The following day, the defendant responded to the motion, indicating that she did not oppose the plaintiff's request to dismiss the case. Dkt. No. 22.

The court reminds the plaintiff that, in a civil case, unlike in a criminal case, the court has discretion to decide whether to recruit an attorney for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). Neither the plaintiff nor any other civil litigant is entitled to a court-appointed an attorney under the Constitution. The court does not have funds to pay the fees for court-appointed civil attorneys; it relies on volunteer lawyers, and there aren't nearly as many volunteer lawyers as there are plaintiffs who can't afford lawyers.

Despite the fact that the court gave the plaintiff the opportunity to provide some proof that she'd tried to find a lawyer on her own, but had been unsuccessful, the plaintiff has not provided that proof. Nor has she presented any new information or evidence explaining why she is not capable of representing herself at this stage. There is no basis for the court to stay the

litigation until the court appoints a lawyer, because even if the plaintiff were to show that she'd tried to find a lawyer on her own, the court would not do so until the plaintiff had demonstrated that the case had reached a stage where it was too complex for her to handle herself.

The court will, however, grant the plaintiff's alternate request to dismiss the case without prejudice. This means that the plaintiff can re-file her case at a later date, as long as it is not barred by a statute of limitations.

The court **DENIES** the plaintiff's motion to stay the case and recruit counsel to represent her. Dkt. No. 21. The court **GRANTS** the plaintiff's motion to dismiss this case without prejudice. Dkt. No. 21.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of January, 2018.

                                          **BY THE COURT**

                                      **HON. PAMELA PEPPER**
                                      **United States District Judge**